UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:15-CV-80226-ROSENBERG/BRANNON

LUCINDA YUETTER-BEACHAM,
individually, and on behalf of others
similarly situated,

    Plaintiff,

v.

MEDICAL CAREER INSTITUTE OF
SOUTH FLORIDA, et al.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION UNDER THE FLSA**

This matter is before the Court on Plaintiff's Renewed Motion for Conditional Certification of Collective Action under the FLSA [DE 50]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Plaintiff seeks a conditional certification of a collective action under the Fair Labor Standards Act. *See* 29 USC § 216(b). Because Plaintiff seeks only a *conditional* certification, the standard applicable to Plaintiff's Motion is quite lenient. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). At this stage of proceedings, the Court must determine whether, based upon pleadings and affidavits, notice should be given to potential class members:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

1

*Id.* at 1218.  The Court's evaluation of a plaintiff's pleadings and proffered affidavits is, as mentioned above, lenient:

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.*  In the event the Court grants conditional certification, a defendant may move at a later time (after discovery) to decertify the class.  *Id.*  At the conditional certification stage, the Court need not determine whether the plaintiff and opt-in plaintiffs are similarly situated—that determination is left to a later time after discovery develops sufficient facts.

Here, Plaintiff has proffered ample evidence in the form of affidavits in support of her claim.  Plaintiff has filed four affidavits (including her own affidavit) that attest to the fact that each affiant was an employee of Plaintiff who received late paychecks.  An untimely paycheck is a violation of the Fair Labor Standards Act.  *Biggs v. Wilson*, 1 F.3d 1537, 1544 (9th Cir. 1993).  Plaintiff seeks a conditional certification for a collective action of employees of Defendant who received late paychecks subsequent to September 1, 2014.[1]  Upon review, the Court concludes that these affidavits, particularly under the lenient standard which the Court is bound to apply at this stage of proceedings, are sufficient for a conditional certification of a collective action.

In response, Defendant has provided its own battery of affidavits.  Somewhat surprisingly, the affidavits supplied by Defendant may be construed to lend support to Plaintiff's claims.  The affidavits proffered by Defendant concede that, at times, Defendant had insufficient funds for paychecks to clear.  The Court therefore finds that Defendant has failed to rebut Plaintiff's Motion

---

[1] The date selected by Plaintiff pertains to the date upon which Defendant is alleged to have begun to disburse paychecks in an untimely manner.

2

in light of the fact that, at this stage of proceedings, the burden on Plaintiff is very light. The Court therefore grants Plaintiff's motion for conditional certification of a collective action and defines the conditional class as all persons to whom Defendant paid or should have paid an hourly wage between September 1, 2014, and the present (the "Proposed Class").

Plaintiff has also moved for expedited discovery and, in light of the trial date in this case of October 13, 2014, Plaintiff's motion is granted. Defendant shall therefore provide Plaintiff a complete and detailed list of all members of the Proposed Class including their full names, dates of employment, last known home address, all telephone numbers and email addresses, social security numbers and dates of birth, via hard copy and electronically in an Excel spreadsheet formatted with each person's data accurately entered in separate fields under correspondingly named column headers, within ten (10) days of the date of rendition of this Order.

The Court also grants Plaintiff's motion to authorize opt-in notice, and Plaintiff is hereby authorized to mail a court-approved notice to the disclosed members of the Proposed Class regarding their rights to opt into this collective action by filing a Consent to Joint Lawsuit, and the Court hereby approves of the Notice and Consent attached to Plaintiff's Motion as Exhibit A and Exhibit B.

Finally, Plaintiff has moved for the Court to toll the applicable statute of limitations from the date of the initial Complaint in this case until the opt-in deadline established by the Court. The Court grants this request as well.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 23rd day of July, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record