UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80226-CV-Rosenberg/Hopkins

LINDA YUETTER-BEACHAM, et al.,

Plaintiffs,

v.

MEDICAL CAREER INSTITUTE OF
SOUTH FLORIDA, INC., et al.,

Defendants.
____________________________________________/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENDANTS AND SANCTIONS AGAINST THE EXECUTION DEFENDANTS (DE 279)**

**THIS CAUSE** is before this Court upon the District Court's Referral Order (DE 280). Presently before the Court is Plaintiffs' motion for an award of attorneys' fees and costs against Defendants and an award of sanctions against the Execution Defendants. (DE 279). Defendants, who defaulted in the underlying action, failed to file any response papers to Plaintiffs' motion and the time for doing so has expired. However, the Execution Defendants filed response papers (DE 286) and Plaintiffs filed a reply (DE 290). For the reasons that follow, this Court **RECOMMENDS** that Plaintiffs' Motion (DE 279) be **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

Plaintiffs filed this collective action alleging that Defendants violated the minimum wage requirements of the Fair Labor Standards Act (FLSA). On October 7, 2015, the District Court granted Plaintiffs' motion for summary judgment (DE 101), and entered final judgment in favor

of the eight named Plaintiffs and against all three Defendants, jointly and severally. The judgment for all of the Plaintiffs totaled $125,610.00. (DE 102).

Thereafter, Plaintiffs filed a motion for attorneys' fees and costs seeking reimbursement in the amount of $32,343.00. (DE 104). Following a variety of post-judgment proceedings in aid of execution, Plaintiffs filed a request for supplemental attorneys' fees and costs in the amount of $10,435.00. (DE 154). On March 11, 2016, this Court issued a report and recommendation that Plaintiffs recover a total of $37,548.00 in fees and costs, which the District Court adopted. (DE 183).

With the instant motion, Plaintiffs seek an additional award of attorneys' fees and costs for counsel's time spent trying to collect on their judgment in the supplementary proceedings phase. The bulk of this time involved the impleader of Execution Defendants Douglas McVay and the Medical Institute of Palm Beach, Inc. (MIPB) (an alleged sister school of the defunct Defendant Medical Career Institute). In their impleader action Plaintiffs sought to collect on their judgment from McVay and MIPB based on an alter ego theory of liability, claiming that McVay and MIPB were so "inextricably intertwined" with the Judgment Debtor Defendants as to be liable for their debts. (DE 178). Ultimately, Plaintiffs were relieved from proving these allegations because they negotiated a settlement with McVay and MIPB whereby Plaintiffs would be paid $100,000.00.

According to Plaintiffs, they are entitled to recover fees for time their attorney spent trying to enforce this settlement. Plaintiffs seek attorneys' fees of $48,895.00 and costs in the amount of $346.26, for a total of $49,241.26.[1] Plaintiffs' motion primarily seeks an order

[1] Plaintiffs' Attorney Sanchez seeks an hourly rate of $400.00 for the 110.2 hours he spent on these proceedings supplementary between February 18, 2016 and January 6, 2017. In addition Plaintiffs seek recovery of $4,815.00 for the work of Attorney Arnaldo Velez, who temporarily represented Plaintiffs

requiring Execution Defendants McVay and MIPB (along with their attorneys, Andres Montejo and Neil Tygar) to pay these fees as sanctions for their alleged misconduct in these supplementary proceedings. In the alternative, Plaintiffs seek to have these fees and costs added to their final judgment against the originally named Defendants.

## DISCUSSION

### 1. In Proceedings Supplementary, Attorneys' Fees and Costs Are Imposed Against the Judgment Debtor Defendants, Not the Impleaded Execution Defendants

Under Florida law, it is well settled that in proceedings supplementary, if attorneys' fees are awarded, they "are to be assessed against the judgment debtor" because Florida Statute § 56.29 "contains no authority for assessing fees against the [impleaded] third party defendant." *Gaedeke Holdings, Ltd. v. Mortg. Consultants, Inc.*, 877 So. 2d 824, 826 (Fla. Dist. Ct. App. 2004)(quoting *Rosenfeld v. TPI Int'l. Airways*, 630 So.2d 1167, 1169 (Fla. Dist. Ct. App. 1993)).[2] Although plaintiffs in supplementary proceedings cannot seek attorneys' fees directly from such third-party execution defendants, the attorneys' fees award can be added to the final judgment against the defendant judgment debtor; the plaintiff may then seek to collect on that judgment from any assets the judgment debtor fraudulently transferred to the execution defendants. *Id.* *See also Kingston Corp. Grp. of Florida v. Richard Kleiber Walter Kleiber P'ship*, 127 So. 3d 802, 804 (Fla. Dist. Ct. App. 2013)("impleaded parties are not liable for attorney's fees and costs in these proceedings supplementary . . . [such] may be awarded only against the original judgment debtor").

---

when Attorney Sanchez was required to testify at an evidentiary hearing. Attorney Velez seeks an hourly rate of $450.00 for 10.7 hours.

[2] This Court relies on Florida law because under Rule 69, the procedure for executing on a judgment in federal court must comply "with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a).

Here, Plaintiffs seek to have the Execution Defendants and their attorneys pay the fees incurred by Plaintiffs as "sanctions" for allegedly prolonging and multiplying the supplementary proceedings. In the alternative, Plaintiffs seek to have their attorneys' fees added to the judgment against the originally-named Defendants. For the reasons stated below, this Court declines to award sanctions against the Execution Defendants or their attorneys. Instead, the Court recommends that a reasonably reduced award for attorneys' fees and costs be added to the underlying judgment.

Sanctions under 28 U.S.C. § 1927 are appropriate when an attorney multiplies proceedings "unreasonably and vexatiously" and only where the attorney's conduct is so egregious that it is "tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006); *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (Section 1927 sanctions are designed for attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith"). As the Eleventh Circuit has found, "an attorney's conduct must be particularly egregious to warrant the imposition of [§ 1927] sanction[s]." *Amlong*, 457 F.3d at 1242.

In addition to §1927 sanctions, Plaintiffs ask the Court to use its inherent authority to sanction the Execution Defendants, using the same bad faith standard. *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)("[t]he key to unlocking the inherent power of the Court is a finding of bad faith."); *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)("Invocation of a court's inherent power requires a finding of bad faith."). Examples of bad faith are when a party perpetrates a fraud upon the court, delays or disrupts the litigation, hampers the enforcement of a court order, or knowingly raises a frivolous argument. *See Barnes*, 158 F.3d at 1214.

Here, Plaintiffs argue that the Execution Defendants and their attorneys prolonged the litigation by seeking to enforce an oral term that was not included in their written agreement with Plaintiffs. Pursuant to the written settlement agreement, the Execution Defendants agreed to pay $100,000.00 to Plaintiffs in exchange for dismissal of the supplementary proceedings against them and for Plaintiffs' counsel's assistance in having Defendant Agro's shares of MIPB transferred to Execution Defendant McVay. According to the Execution Defendants, in addition to the written memorialization of the parties' agreement, Plaintiffs' counsel also made a verbal commitment to return the funds in the event that Defendant Agro filed for bankruptcy. As feared, Agro did file for bankruptcy, but Plaintiffs' counsel maintained that he was in rightful possession of the funds and that they should be disbursed to his clients in partial satisfaction of the judgment they held against the Defendant Judgment Debtors.

After numerous discovery disputes between Plaintiffs and the Execution Defendants, this Court held an evidentiary hearing to determine whether there had been a breach of the parties' agreement. Ultimately, this Court resolved the issue in favor of Plaintiffs, finding that even if Plaintiffs' counsel had made an oral representation to return the funds in the event of Agro's bankruptcy, such was a non-essential term because it was not included in the written agreement. Given that extensive briefing and an evidentiary hearing were required to resolve this dispute, the Court finds that the claims raised by the Execution Defendants were neither frivolous nor made in bad faith. Indeed, from the Execution Defendants' perspective, they were deprived of a primary benefit of their bargain, namely Agro's shares in MIPB. Thus, it was not unreasonable for the Execution Defendants to first try to negate the agreement in its entirety and, in the alternative, to have the agreement expanded to include the alleged verbal term. That the Execution Defendants did not prevail on their claims does not render them sanctionable. *See*

*Hudson v. International Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (finding that a sanction under 28 U.S.C. § 1927 requires "more than a lack of merit."). *See also Mortg. Payment Prot., Inc. v. Cynosure Fin., Inc.*, 2010 WL 1708983, at *3 (M.D. Fla. Mar. 15, 2010)("Absent a showing of bad faith or oppressive conduct [ ] a litigant is not sanctioned simply because the other side might have the better argument"), report and recommendation adopted, 2010 WL 1708970 (M.D. Fla. Apr. 26, 2010).

Although this Court declines to impose sanctions upon the Execution Defendants or their attorneys, this Court finds that Plaintiffs are entitled to have the fees and costs incurred by the supplementary proceedings added to their final judgment against the Judgment Debtor Defendants. *See* Fla. Stat. §56.29(8) ("Reasonable attorney fees may be taxed against the judgment debtor.").

**2. Calculation of Attorneys' Fees: the Lodestar Method**

In calculating attorney fee awards, Florida Courts have "adopted the federal lodestar approach as the foundation for setting reasonable fee awards." *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1264 (M.D. Fla. 2010)(citing *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985)).

Under the federal lodestar method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). Given that the Court set forth the parameters for a reasonable hourly rate in its prior Report and Recommendation (DE 171), as well as the numerous factors to be considered when determining a reasonable attorney's fee, this Court will not repeat the applicable standards here. Suffice it to say that the fee applicant bears the burden

of establishing a reasonable hourly rate and if the fee applicant does not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, then the court must exercise billing judgment for them. *Barnes*, 168 F.3d at 427-428.

**A. <u>Hourly Rate</u>**

Approximately one year ago, this Court reduced Attorney Sanchez's hourly rate from $400.000 to $350.00 – a recommendation that was adopted by the District Court. (DE 171, 183). This Court declines to raise counsel's hourly rate for these supplementary proceedings.[3] The Court will also reduce Attorney Velez's hourly rate to $350.00. *See Rodriguez v. Demolition King, Inc.*, 2015 WL 3970570, at *4 (S.D. Fla. June 30, 2015)(although plaintiff's counsel was a "skilled attorney," court found hourly rate of $400.00 "too high" for FLSA case, and granted a reduced rate of $350.00).

**B. <u>Hours Expended</u>**

The Court has reviewed the billing records submitted by Mr. Sanchez which indicate that he billed 110.2 hours litigating the supplemental proceedings in this case between February 2016 and January 2017. With the exception of the 6.3 hours Mr. Sanchez spent drafting the instant motion for attorneys' fees, this Court finds that the remaining time Mr. Sanchez spent was justified given the number of Execution Defendants impleaded into this case and the complexity of the issues that arose in relation to the settlement with McVay and MIPB.[4] Similarly, the

---

[3] The Court notes that while these supplemental proceedings were necessary to recover $100,000.00 from Execution Defendants McVay and MIPB, the underlying wages owed to the Plaintiffs have now been recovered in full. (The original judgment awarded to the eight named Plaintiffs for their FLSA claims was $125,610.00 and Plaintiffs' counsel has acknowledged that to date he has collected "approximately $135,000.00" from garnishees and impleaded third parties (DE 279 at 2)). Accordingly, the Court will view future efforts to pad the final judgment with additional attorneys' fees skeptically, since the purpose of any future collection efforts will be solely to recover attorneys' fees from Execution Defendants.

[4] The primary focus of Plaintiffs' motion for attorneys' fees was to convince the Court that sanctions should be imposed against the Execution Defendants. Given the Court's rejection of this argument, and

Court finds that the 10.7 hours of time spent by Attorney Velez were reasonable. However, this Court will deduct 50% of the attorneys' billing rate for travel time, namely, 11 hours at $175.00. *See* DE 218 at p. 4 (citing *Cooper v. US. R.R. Ret. Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994)(finding half an attorney's base hourly rate to be an appropriate award for travel time); *see also Silva v. Nat'l Telewire Corp.*, 2001 WL 1609387, at *4 (D.N.H. Dec. 12, 2001)("Generally, travel time is not compensated at a full professional rate, and in this case, fifty percent of the professional rate would be reasonable.")).

Accordingly, this Court recommends that Plaintiffs recover 103.6 hours at $350.00 and 11 hours at $175.00 for a total attorneys' fee award of $38,185.00.

**3. Plaintiffs' Motion for Costs**

"Costs for proceedings supplementary shall be taxed against the judgment debtor as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees." Fla. Stat. § 56.29(8). Here, Plaintiffs seeks to recover costs for service of process, postal charges, records collection, and wire transfer fees. No specific objections have been lodged against these costs and they appear to be directly related to Plaintiffs' collection efforts. Accordingly, the Court recommends that Plaintiffs be reimbursed for their costs in the amount of $346.26.

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that Plaintiffs' Motion for Attorneys' Fees and Costs (DE 279) be **GRANTED IN PART AND DENIED IN PART.** Specifically, Plaintiffs' motion for the imposition of sanctions against the Execution Defendants should be **DENIED**, but Plaintiffs' motion for an award of attorneys' fees and costs against the Judgment

---

Florida's law barring the imposition of attorneys' fees on impleaded defendants, this Court declines to reimburse Plaintiffs for the preparation of this motion.

Debtor Defendants should be **GRANTED** and added to the Final Judgment in the following amount:

| | | |
|---|---|---|
| Attorneys' Fees | $38,185.00 | |
| Costs | 346.26 | |
| **TOTAL FEES AND COSTS:** | | **$38,531.26** |

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); *see also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of May, 2017.

JAMES M. HOPKINS
United States Magistrate Judge